UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| TRACEY L. PRICE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:09cv142-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 14 and 15][1] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2005, Plaintiff Tracey L. Price filed an application for a period of disability, and disability insurance benefits. (Transcript of Record, "TR," 16, 47-60). These claims were denied initially and upon reconsideration. On December 7, 2005, Administrative Law Judge ("ALJ") Ronald M. Kayser held a

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

hearing on Plaintiff's application. (TR 16, 947-998). In a decision, dated February 4, 2009, the ALJ denied Plaintiff's claims, concluding that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (TR 24). Specifically, the ALJ found "that the claimant has the residual functioning capacity to perform light work" subject to the following limitations:

> she cannot work at heights, in temperature extremes, or around dangerous machinery; cannot climb ropes, scaffolds or ladders; is limited to unskilled work; is moderately limited in the ability to understand, remember, and carry out detailed instructions; is moderately limited in the ability to maintain attention and concentration for extended periods; and is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

(TR 20). The ALJ further concluded that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functioning capacity, [Plaintiff] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (TR 23). Hence, the ALJ ruled that Plaintiff was not disabled. Plaintiff filed an appeal, which the Appeals Council denied on June 22, 2009 (TR 6-9), rendering the ALJ's decision final.

Plaintiff was forty-five years old on the alleged disability onset date. (TR 22; finding no. 7). She completed the ninth grade and bookkeeping classes at a vocational school and has past

relevant work experience as a tax clerk, control clerk, machine operator and tax examiner. (TR 22, findings no. 6, 7).

In this appeal, Plaintiff argues that the ALJ's "RFC finding is not supported by substantial evidence on the record considered as a whole." (Pl. Br. at 6). Plaintiff alleges that the ALJ should have re-contacted Plaintiff's treating physician, Esther Saalfeld, M.D., to determine the basis for her opinion. (Pl. Br. at 8). Plaintiff asserts that the ALJ erred by relying on the state agency doctors who did not review the additional evidence that Plaintiff submitted after their opinions. Moreover, Plaintiff argues that the ALJ's credibility determination was not supported by substantial evidence. (Pl. Br. at 8). Finally, Plaintiff argues that the ALJ ignored or minimized Plaintiff's consistent complaints relating to pain, and, thus, Plaintiff argues that her conditions were not considered in combination. (Pl. Br. At 12).

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so,

the individual is disabled.  If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity?  If not, the individual is not disabled, if so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience?  If so, the individual is disabled.  If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion.  *Landsaw v.*

4

*Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

**I. ALJ Kayser's determination of Plaintiff's RFC was supported by substantial evidence.**

Plaintiff argues that there is not substantial evidence in the record to support ALJ Kayser's residual functional capacity ("RFC") finding. Plaintiff argues that the ALJ ignored the documented findings of the treating physician, that the ALJ adopted the non-examining consultant's opinions, which conflicted with the opinions asserted by the physical examiners and treating physician, and failed to explain why he agreed with the non-examining consultants. However, a review of ALJ Kayser's decision refutes this argument.

The RFC determination was supported by substantial evidence. The voluminous record in this case details numerous physical complaints, courses of treatment, and diagnostic tests, some of which are inconsistent with respect to Plaintiff's diagnoses and the alleged severity of her medical conditions. ALJ Kayser properly acknowledged and considered the entirety of this record, along with the discrepancies found within it in his opinion before reaching his conclusions about Plaintiff's disability. *See Richardson v. Perales*, 402 U.S. 389, 391 (1971) (recognizing that

the trier of fact has the duty of resolving conflicting medical evidence). "State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(I), 416.927(f)(2)(I); SSR 96-6p. The opinions of these experts are entitled to great weight if their opinions are supported by the record.

ALJ Kayser's opinion addresses Plaintiff's diagnoses, including, but not limited to, Meniere's disease, migraine headaches, fibromyalgia, as well as her mental impairments, and related how they were translated into the RFC limitations. ALJ Kayser spent a considerable portion of the opinion discussing the findings of Dr. Saalfeld and Plaintiff's treating neurologists. The opinion correctly notes that Dr. Saalfeld reported that Dr. Li had diagnosed Plaintiff's fibromyalgia "in an effort to explain the [Plaintiff's] myriad of symptoms and somatic complaints with a paucity of physical findings." (TR 19, 415). Dr. Saalfeld also noted that Plaintiff's complaints continued even after treatment for her fibromyalgia. (TR. 415). Additionally, although there was conflicting evidence in the record, the ALJ considered the evidence in a light most favorable to Plaintiff, and concluded that Plaintiff was limited to unskilled work. (TR 22).

Further, the ALJ did not err by relying on the state

consultant's reports, which did not have the benefit of additional evidence submitted by Plaintiff. Plaintiff fails to demonstrate that the additional evidence conflicted with the state consultants' reports. The ALJ properly considered this additional evidence submitted by Plaintiff. Thus, it was not error for the ALJ to rely on the state consultants' reports.

The ALJ's RFC determination is supported by substantial evidence.

**a. ALJ Kayser's opinion complied with the treating physician rule.**

An ALJ is required to give the treating physician's opinion controlling weight if the ALJ determines that the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the case record." *Wilson v. Comm'r of Social Security*, 378 F.3d 541 (6th Cir. 2004)(internal citations and quotations omitted). The ALJ is required to "give good reasons" for the weight given to the claimant's treating source's opinions. *Id.* Additionally, "[i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors," including but not limited to the length of treatment relationship, frequency of examination, nature and extent of the treatment relationship, consistency of the opinion with the record as a whole, and specialization of the treating source. *Id.*

While Plaintiff alleges that proper weight was not given to

7

Dr. Saalfeld's opinion, she fails to specifically identify which of Dr. Saalfeld's opinions would have affected the RFC finding. However, the ALJ did address two disagreements with Dr. Saalfeld's findings in the opinion. First, the ALJ properly rejected Dr. Saalfeld's conclusion that Plaintiff was disabled, as that determination is within the exclusive purview of the ALJ. *Warner v. Comm'r of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004). Second, ALJ Kayser notes that Dr. Saalfeld "opined that the claimant was disabled, but the [Plaintiff] testified that Dr. Saalfeld would merely ask her how much she could lift, walk, stand, etc. and recorded her responses to the form." (TR 22, 400-402). The opinion recognizes that there are no objective tests in Dr. Saalfeld's records to confirm the physical limitations as alleged by Plaintiff in her statements to Dr. Saalfeld. Indeed, the evidence in the record contradicts Plaintiff's self proclaimed limitations on standing, sitting, and lifting. Additionally, the limitations as reported by Dr. Saalfeld are somewhat inconsistent with Plaintiff's testimony regarding her ability to perform household activities at the hearing. Nevertheless, the ALJ noted Dr. Saalfeld's findings indicated that Plaintiff could lift/carry 10 pounds occasionally, and 5 pounds frequently, occasionally stoop. (TR 22). Additionally, the ALJ noted that Dr. Saalfeld determined that Plaintiff is able to follow work rules, relate to co-workers, uses good interpersonal skills is able to carry out

complex job instructions, but that she is limited in her ability to focus and concentrate.  (TR 22).

The ALJ's decision correctly provided good reasons for the weight he gave Dr. Saalsfeld's opinion on these matters.  ALJ Kayser chose to reject Plaintiff's unsupported assertions about her physical abilities as they were reported to Dr. Saalsfeld, and the RFC was supported by substantial evidence of record.  *See Warner*, 375 F.3d at 391.  Importantly, while Plaintiff discusses alleges several reasons that, in her opinion, the ALJ's opinion was deficient for failing to more explicitly describe his reasons for agreeing with the medical consultants, Plaintiff does not cite to any specific findings, other than those addressed above, by her treating physicians that are inconsistent with or would materially change the RFC determination.

The ALJ employed the proper legal standards in reaching his RFC determination, and that determination is supported by substantial evidence.

**b. ALJ Kayser did not err by failing to contact Plaintiff's treating physician Dr. Saalfeld.**

Plaintiff asserts that "if the ALJ really thought that Dr. Saalsfeld just wrote down what her patient said, he would recontact her... to ascertain the basis for her opinion." (Pl. Br. at 8). Additional development may occur if a treating source's medical opinion is lacking, or to reconcile an inconsistency, but "[o]rdinarily development should not be undertaken... if the case

9

record is otherwise well developed." SSR 96-2p, 61 Fed.Reg. 34490, 34491 (1996). Thus, the Court sees no reason for the ALJ to have re-contacted Dr. Saalfeld. Dr. Saalfeld's basis for her opinions on these issues are clear, both based on the medical record, as well as Plaintiff's testimony, and there is no indication that the record is incomplete.

**II. The record contains substantial evidence to support the ALJ's credibility determination.**

Plaintiff argues that ALJ Kayser's credibility determination with respect to Plaintiff's subjective complaints of pain, balancing problems and headaches was not supported by substantial evidence. An ALJ's findings based on the credibility of the plaintiff are afforded "great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility," provided that the assessment is based on substantial evidence. *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1991) (internal citations omitted). It is also true that "[a]n individual's statements as to pain or other symptoms will not alone establish that he is disabled." *Walters*, 127 F.3d at 531 (citing 20 C.F.R. 404.1529(a)) (internal quotations omitted). "The reviewing court should show deference to the decision of the administrative law judge in assessing credibility." *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).

The appropriate process requires that once the ALJ determines

10

that the medical condition could reasonably be expected to produce the alleged symptoms, the intensity and persistence of the symptoms must still be evaluated based on the available evidence. *See* 20 C.F.R. 404.1520(c)(1)(1). Any symptom-related restriction will be taken into account to the extent it is consistent with the objective evidence, and other evidence in the record. *See* 20 C.F.R. 404.1520(c). One must consider "whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

The ALJ determined that Plaintiff's medical conditions could be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with her RFC assessment.

The plaintiff correctly notes that the ALJ must do more than make a simple conclusory statement, but, contrary to her arguments, the ALJ's decision in this case provided much more. It provided a cogent and sufficient analysis for his determination that the plaintiff's statements were not credible to the extent that they were inconsistent with the RFC. (TR 21). Thus, giving due deference, there is no basis in the record for this Court to

11

disturb the ALJ's credibility determination in this case.

Plaintiff similarly argues that the ALJ's decision is not supported by substantial evidence as it is founded on a RFC containing no limitations based on the occurrence and frequency of her migraine headaches, fibromyalgia or the other conditions that serve as he principle sources of her alleged disability. (Pl. Br. 9). However, the ALJ noted that Plaintiff's complaints of tinnitus and balance problems were not supported by the objective tests addressing these complaints. (TR. 21, 73-5, 170, 241, 511-13). Second, the ALJ addressed Plaintiff's complaints of headaches by including environmental and mental limitations to accommodate Plaintiff's headaches. While Plaintiff argues that they are insufficient, the ALJ did not ignore Plaintiff's complaints to the extent that he found them to be credible, and that determination will not be disturbed by this Court.

Moreover, the numerous objective tests performed on Plaintiff failed to substantiate her complaints. ALJ Kayser noted that an MRA conducted in November of 2007 did not find any evidence of flow significant stenosis, which was determined to related to Plaintiff's complaints of headaches by the radiologist interpreting the results. The ALJ noted that Plaintiff was diagnosed with migraines and daily tension, vascular and analgesic rebound headaches and that she left the hospital against medical advice. (TR 19, 271). It appears that her headaches resolve after use of

non-migraine specific medication. The ALJ correctly notes that Plaintiff continued to work for a significant time period after she was diagnosed with these headaches. (TR 19). Thus, there is sufficient evidence in the record supporting the ALJ's credibility determination that her headaches were not more limiting than set forth in the RFC.

Based on the forgoing, the ALJ employed the proper legal standards in reaching his credibility determination, and that determination is supported by substantial evidence.

**III. The ALJ correctly considered the entire record as a whole.**

Plaintiff alleges that the decision fails to consider all of her ailments together and that the ALJ minimized or ignored several conditions of which Plaintiff allegedly suffered. Plaintiff specifically argues that the diagnoses of fibromyalgia, myofascial pain, lower extremity or peripheral neuropathy, axial low back syndrome, lumbar spondylosis and sciatic neuropathy were not appropriately considered. However, there ALJ's opinion does address these conditions, and notes the evidence in the record relating to them. The evidence concerning fibromyalgia is addressed above. Additionally, with respect to the other conditions, the ALJ reviewed the record and noted that the objective tests performed did not verify the existence of these conditions, or that, if verified, the objective tests did not indicate that the symptoms were severe or resulted in disabling

limitations.  Thus, there was significant evidence in the record, as cited to by the ALJ, to support his conclusion.  ALJ Kayser did not separate or piecemeal Plaintiff's medical conditions.  See *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987).  Moreover, Plaintiff fails to articulate any alleged work limitation relevant to Plaintiff's conditions, when considered together, that were omitted from the ALJ's RFC finding and questioning of the vocational expert.

In sum, there was substantial evidence to support the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act.  The ALJ acted properly by examining the evidence presented to him and resolving any conflicts.  *See Perales*, 402 U.S. at 399.  Accordingly, the decision of the ALJ, and, thus, the Commissioner, shall be affirmed.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Defendant's motion for summary judgment [Record No. 15] be, and the same hereby is, **GRANTED**; and

(2) That Plaintiff's motion for summary judgment [Record No. 14] be, and the same hereby is, **DENIED.**

This the 28th day of September, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge